## UNITED VETERANS MEMORIAL AND PATRIOTIC ASSOCIATION OF THE CITY OF NEW ROCHELLE, Peter Parente, Plaintiffs–Appellants,

v.

CITY OF NEW ROCHELLE, Noam Bramson, individually and in his official capacity as Mayor of the City of New Rochelle, Barry R. Fertel, individually and in his official capacity as City Council Member of the City of New Rochelle, Ivar Hyden, individually and in his official capacity as City Council Member of the City of New Rochelle, Shari B. Rackman, individually and in her official capacity as City Council Member of the City of New Rochelle, Jared R. Rice, individually and in his official capacity as City Council Member of the City of New Rochelle, Charles B. Strome, III, individually and in his official capacity as City Manager of the City of New Rochelle, Defendants–Appellees.

No. 15–120–cv.

United States Court of Appeals, Second Circuit.

Sept. 9, 2015.

Erin Mersino, Thomas More Law Center (George W. Wright, George W. Wright & Associates LLC, on the brief) Ann Arbor, MI, for Appellants.

Eliza M. Scheibel, Wilson Elser Moskowitz Edelman & Dicker, LLP (Peter A. Meisels, Lalit K. Loomba, on the brief), White Plains, NY, for Appellees.

Present: GUIDO CALABRESI, CHESTER J. STRAUB, and ROSEMARY S. POOLER, Circuit Judges.

## SUMMARY ORDER

United Veterans Memorial and Patriotic Association of the City of New Rochelle and Peter Parente (collectively, "United Veterans") appeals from the December 22, 2014 opinion and order of the United States District Court for the Southern District of New York (Seibel, *J.*) granting defendants' motion to dismiss the second amended complaint. *United Veterans Mem. and Patriotic Ass'n of the City of New Rochelle v. City of New Rochelle,* 72 F.Supp.3d 468 (S.D.N.Y.2014). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The Supreme Court decided *Walker v. Texas Division, Sons of Confederate Veterans, Inc.,* —— U.S. ——, 135 S.Ct. 2239, 192 L.Ed.2d 274 (2015) after the district court issued its decision. *Walker* concluded that a specialty license plate program operated by the Texas Department of Motor Vehicles constituted government

speech. The *Walker* Court primarily applied a three-factor test: (1) the history of the speech at issue; (2) a reasonable observer's perception of the speaker; and (3) control. 135 S.Ct. at 2248–50. The Court concluded that (1) license plates "long have communicated messages from the States;" (2) license plates "are often closely associated in the public mind with the State," such that reasonable observers "interpret them as conveying some message on the [State's] behalf;" and (3) Texas has "effectively controlled" the content of the license plates by virtue of exercising final approval authority. *Id.* (internal citations and alterations omitted).

Both parties to this appeal submitted briefing on the impact of *Walker.* We now affirm, primarily for the reasons set forth in the district court's well-reasoned opinion. As alleged by United Veterans in the operative complaint, New York State conveyed the Armory to the City of New Rochelle (the "City") by a deed that requires that the property remain open for public use "for park, recreation, street and highway purposes." App'x at 23 ¶¶ 26–27. The complaint also alleges that the City "generally granted United Veterans and its predecessor organizations the right to display and maintain flags" on the flagpole located on the grounds of the Armory, which are open and accessible to the general public. App'x at 23 ¶¶ 28, 30. We agree with the district court that, based on the pleadings in the complaint, the flagpole was owned and controlled by the City, and the flags displayed on the flagpole constituted government speech. Moreover, the flagpole was located in a public space used for park and recreation purposes, and a reasonable observer would think the flags were presenting a message from the City. The City was well within its rights to delegate to United Veterans the right to display and maintain flags on the City-owned flagpole without creating a public

forum of any sort, or relinquishing control of the flags displayed. *See Pleasant Grove City, Utah v. Summum,* 555 U.S. 460, 486, 129 S.Ct. 1125, 172 L.Ed.2d 853 (2009). We find nothing in *Walker* that requires revisiting the rationale underlying the district court opinion.

We have considered United Veterans' remaining arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.